UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION ) ) ) ) ) ) ) ) ) | CAUSE NO. 3:05-MD-527 RM (MDL-1700) THIS DOCUMENT RELATES TO ALL CASES |

**OPINION AND ORDER**

On May 29, 2007, Plaintiffs filed a motion to strike the declarations of putative class members that Defendant FedEx Ground Package System Inc. (Fedex) filed with its oppositions to Plaintiffs' motions for class certification. The issue before this Court is whether Fedex, which had disclosed thousands of potential witnesses, was required to supplement its disclosures to the Plaintiffs to inform them of the specific witnesses Fedex intended to use. This Court concludes Fedex was so required and that its failure to disclose requires this Court to strike the witnesses' statements. For the following reasons, Plaintiffs' motion is **GRANTED**.

**I.    PROCEDURE**

On August 10, 2005, this multidistrict litigation case was transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1407 to perform consolidated pretrial proceedings. On November 15, 2005, this Court entered an initial scheduling order where, pursuant to the parties' consent, discovery on liability and damages was bifurcated. For liability discovery, the parties' initial disclosures were due by January 8, 2006.

On November 29, 2005, this Court entered a supplemental scheduling order that, among other things, established deadlines for discovery and class certification. Non-expert discovery

was to be completed by June 1, 2006, while class certification would be divided into three stages with the first wave beginning on August 8, 2006. Each subsequent wave was to be filed approximately three weeks later.

On January 9, 2006, Fedex served its initial disclosures to Plaintiffs (P.s' Memorandum in Support, Ex. 20). Fedex indicated the following, in part, as individuals likely to have discoverable information that Fedex may use to support its claims or defenses:

> Named plaintiffs, plaintiffs, putative class members and contractors in jurisdictions in or relevant to the MDL 1700 actions (Id. at 5).

Fedex did not list any specific names of individual putative class members at this time.

On May 26, 2006, this Court granted in part the parties' joint motion to extend various deadlines. Non-expert discovery was reset to close on December 31, 2006. Class certification was reset to begin on January 22, 2007.

On June 30, 2006, and September 15, 2006, Fedex supplemented its initial disclosures. Fedex provided the names and contact information for current contractors nationwide (Def. Ex. 3, Declaration of Chris Hollinger, ¶ 5). Fedex's supplements spanned hundreds of pages and contained approximately ten thousand names (P.s' Reply Ex.s 4 & 5). Fedex did not indicate which people or how many it would use to support its claims or defenses.

On December 20, 2006, this Court held an in-court hearing regarding several motions to compel. The parties also raised some issues regarding deadlines at that hearing. By agreement of the parties, this Court extended the discovery deadline till January 31, 2007, solely for the completion of previously noticed depositions, which this Court memorialized in a December 21,

2006, order (P.s' Memorandum in Support, Ex. 19).[1]  The class certification deadline was extended again and set to begin on February 12, 2007.

After the non-expert discovery deadline passed on December 31, 2006, Fedex again supplemented its Fed. R. Civ. P. 26(a) initial disclosures.  On January 3, 2007, and January 31, 2007, Fedex provided substantially smaller lists, although still numbering in the hundreds, than the September or June list of individual putative class members likely to have discoverable information that Fedex may use to support its claims or defenses.  On January 23, 2007, this Court extended the class certification briefing deadline a final time and class certification briefing began on March 12, 2007.

On March 12, 2007, Plaintiffs filed their first motions for class certification.  On April 27, 2007, Fedex filed their responses in opposition to those motions.  Fedex submitted statements from putative class members who were listed in its January 3, and January 31, 2007, supplemental disclosures with its responses.  On May 29, 2007, Plaintiffs filed their replies in support of their motions.  On that same day, Plaintiffs also filed a motion to strike the declarations of putative class members that Fedex had submitted with its responses to Plaintiffs' motions for class certification.  On June 18, 2007, Fedex responded to Plaintiffs' motion to strike.  On July 2, 2007, Plaintiffs filed their reply in support of its motion.

---

[1] On December 21, 2006, this Court entered an order that stated, "[b]y agreement of the parties, the discovery deadline for all current discovery is now January 31, 2007."  See Doc. No. 453.  However, this order was simply a memorialization of the parties' agreement, as indicated by the order.  Fedex's counsel even clarified with the Court that the extension was solely for previously noticed depositions (P.s' Memorandum in Support Ex. 19, pg. 111).  Neither party disputes that the end for all non-expert discovery, other than the previously noticed depositions, ended on December 31, 2006.

The current motion to strike was fully ripe by July 2, 2007, and as a result, this Court now enters its ruling on this motion and all similar motions.[2] This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.   ANALYSIS

### A.   Applicable Law

Under Fed. R. Civ. P. 26(a)(1) and Fed. R. Civ. P. 26(e)(1) a party must provide and supplement disclosures that include the names, addresses, and telephone numbers, if known, of each individual the disclosing party may use to support its claims or defenses. The purpose of both Fed. R. Civ. P. 26(a)(1)(A) and 26(e) is to accelerate the exchange of basic information about the case and to help effectuate the general purpose of all discovery rules that civil actions no longer need to be carried on in the dark. Schagenhauf v. Holder, 379 U.S. 104, 114-15 (1964); Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d. Cir. 1985); Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 589 (D.N.J. 1997). Both rules should be applied with "common sense" keeping in mind the salutary purpose the rules are intended to accomplish. See Fitz, Inc., 174 F.R.D. at 589; Paradigm Sales, Inc. v. Weber Marking Sys., Inc., 151 F.R.D. 98, 98 (N.D. Ind. 1993) (indicating Advisory Committee Notes to the 1993 amendments suggest Rule 26 requirement to be applied with common sense).

Under Fed. R. Civ. P. 37(c)(1), a party that fails to disclose or supplement information as required by Fed. R. Civ. P. 26(a)(1)(A) or 26(e)(1) is not allowed to use as evidence on a motion

---

[2]On June 18, 2007, and July 2, 2007, Plaintiffs submitted a second and third motion to strike with regards to similar declarations that Fedex submitted in response to Plaintiffs' second and third waves of motions for class certification. As of this date, Fedex has only responded to Plaintiffs' first and second motions to strike. However, because the arguments and issues are identical with regards to all three motions to strike, this Court will rule with regards to all three motions at this time.

any witness or information not disclosed. The sanction of exclusion is automatic and mandatory unless the party that failed to disclose can establish that its violation was justified or harmless. Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); Maritime-Ontario Freight Lines, Ltd. v. STI Holdings, Inc., 481 F.Supp.2d 963, 972 (W.D. Wis. 2007); Needham v. Innerpac, Inc., 2007 WL 1662681 at 2 (N.D. Ind. 2007). The determination of whether a violation is justified or harmless is entrusted to the broad discretion of the district court. Maritime-Ontario Freight Lines, Ltd., 481 F.Supp.2d at 972. While this Court does not need to make explicit findings concerning the existence of justification or harmlessness, the following factors guide this Court's discretion: 1) the prejudice or surprise to the party against whom the evidence is offered; 2) the ability to cure the prejudice; 3) the likelihood of disruption to the motion or trial; and 4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003).

  B. Plaintiffs' Motion to Strike

  In the present case, Plaintiffs argue that Fedex failed to disclose prior to the close of discovery the hundreds of witnesses they are now using in opposition to Plaintiffs' motions for class certification. In response Fedex argues that it disclosed as early as January 9, 2006, the members of the putative class who were potential witnesses that Fedex might use to support its case. Fedex further argues that it properly supplemented its disclosures by providing Plaintiffs with lists of thousands of names and contact information for current contractors nationwide on June 30, 2006, and September 15, 2006 (Def. Ex. 3, Declaration of Chris Hollinger, ¶ 5). Fedex maintains that these lists were sufficient to satisfy its Fed. R. Civ. P. 26(e) duty to supplement (P.s' Reply Ex.s 4 & 5).

This Court is not persuaded that Fedex's duty to disclose and supplement was satisfied by its extensive list of thousands of employees. While it is true that Fedex's list of September 15, 2006, contained all the names of possible witnesses, the disclosure was complete in form, but not complete in substance. See Ty, Inc. v. Publications Intern., Ltd, 2004 WL 421984 at 4 (N.D. Ill. 2004). As discussed earlier, the purpose of disclosure under Rule 26 is to have open, not hidden, discovery. Long gone are the days of litigation by ambush where key witnesses or critical information is sprung on the opponent at the last moment, too late to respond, counter or learn the details of the information. See U.S. v. Loggins, 486 F.3d 977, 987 (7th Cir. 2007) ("Trial by ambush has absolutely nothing to recommend itself to the judicial process."); Hodgdon v. Northwestern Univ., 2007 WL 15746486 at 3 (N.D. Ill. 2007); see generally 8 Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2001 (1994). Although a list of 10,000 possible witnesses Fedex intended to use is a disclosure, it is simply too broad and extensive to be meaningful. It is not reasonable, or even possible, for a party to parse through 10,000 or more names to determine which people Fedex might use as witnesses, especially when Fedex knew a substantially smaller number of the names disclosed was actually going to be used. Essentially, Fedex's September 15, 2006, supplement was nothing more than a needle in a haystack.              Additionally, the record reveals that Fedex continued to narrow its list from September 15, 2006, until it disclosed a more specific list in January.[3] As Fedex realized that a much smaller number of witnesses would already be used, candor and good faith should have caused a supplemental disclosure to the Plaintiffs well before the discovery period closed to

---

[3] Fedex does not deny that it knew some of the specific witnesses prior to the close of discovery if not all. Further, some of the statements submitted by Fedex have endorsement dates well before the close of discovery. See e.g. Doc. No. 622-5, Response in Opposition to Class Certification, Declaration of Paul O'Brien.

alert them of the specific witnesses Fedex intended to use.  Waiting until the discovery period has closed to inform the Plaintiffs which specific witnesses will be used is too late.  Fedex's response that the names were listed among 10,000 is technically correct, but it is inadequate and contrary to the purpose and goal of early disclosure and the common sense requirements of Fed. R. Civ. P. 26.  Rather than constituting disclosure as Rule 26 contemplates, it is constructive concealment when the actual witnesses a party intends to use is among a list of 10,000 names.

Multi-district litigation is complex and difficult made so by its size and scope.  Fair and efficient resolution of complex litigation requires for counsel to act cooperatively and civilly.  See Manual for Complex Litigation § 10.21 (4th Ed. 2004).  On August 20, 2005, this Court entered an order that advised the parties that communication and cooperation by counsel of the parties was essential.  See Doc. No. 2-3 at 5.  On November 15, 2005, this Court's scheduling order again indicated the parties were expected to cooperate in good faith.  See Doc. No. 52 at 11.  Yet again on March 24, 2006, this Court reminded the parties that the complexity of multi-district litigation required the parties to cooperate.  See Doc. No. 215 at 8.  Yet, what is before this Court now is not evidence of candor, cooperation, and good faith.  Rather, it is evidence of one party seeking an unfair advantage of the other party, by conduct that may meet the letter of the law but is contrary to the very purpose of the law.

Fedex argues that because it disclosed all of the names it eventually used in responding to Plaintiffs' motions for class certification in the lists, Plaintiffs knew of all of Fedex's potential witnesses.  Fedex argues it was not its duty to disclose but rather the Plaintiffs' duty to cull through the 10,000 names to determine which ones would testify.

This Court disagrees. As between Fedex, who knew before discovery closed which of the 10,000 witnesses it would use, and the Plaintiffs, who did not, this Court, consistent with the modern philosophy of discovery and disclosure, concludes that the burden was on Fedex to supplement its disclosures more precisely. Plaintiffs were not under a duty to object to initial or supplemental disclosures, nor would they be expected to object prior to the close of discovery. In fact, Fed. R. Civ. P. 26(e) squarely places the burden on Fedex, the disclosing party, to supplement it disclosures. See Carter v. Finely Hosp., 2003 WL 22232844 at 2 (N.D. Ill. 2003) ("Rule 26(e)(1) imposes a *duty* to supplement their disclosures."). Only if Fedex could have provided a reason for the Plaintiffs to seek court intervention could Plaintiffs be deemed to have sat on their laurels. See Fitz, Inc., 174 F.R.D. at 589-90. Fedex had previously provided Plaintiffs with supplements, in both June and September of 2006. It was reasonable for Plaintiffs to expect Fedex would provide more supplements of a smaller witness list. There was no reason for Plaintiffs to seek court intervention, such as by filing a motion to compel.

Finally, Fedex argues that it was not required to disclose its roster of witnesses because such a list would be legitimate work product. Fedex argues it were only required to identify those witnesses that are likely to have discoverable information, which it did by providing Plaintiffs with a list of 10,000 people. This argument fails the blush test. Fedex cannot seriously argue that the names of witnesses used to support its position, and required to be disclosed under Fed. R. Civ. P. 26, constitutes attorney work product.

Generally, the work product doctrine shields materials a party prepares in anticipation of litigation. Mattenson v. Baxter, 438 F.3d 763, 767-68 (7th Cir. 2006). It only protects form discovery the materials that contain mental impressions, conclusions, opinions, or legal theories

of an attorney or other representative of a party concerning the litigation. Fed. R. Civ. P. 26(b)(3); Mattenson, 438 F.3d at 768. The names of lay witnesses a party will use to support its case is simply not work product. See Auto Meter Prod.s, Inc. v. Maxima Tech.s & Sys., LLC 2006 WL 3253636 at 4 (N.D. Ill. 2006); Fridkin v. Minn. Mut. Life Ins. Co., 1998 WL 42322 at 4 (N.D. Ill. 1998); cf. Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir. 1991) *rev'd on other grounds*. A party's determination of who its witnesses will be does not contain any mental impressions, conclusions, opinions or other legal theories of an attorney involved in the case.

Finally, this Court cannot say Fedex's failure to disclose was harmless or justified. The most crucial factor to weigh is the prejudice to the parties. This Court finds that the prejudice Plaintiffs would suffer to be very high because of the late disclosures by Fedex. Knowing the identity of another party's witnesses is crucial. It allows a party to properly prepare for contested matters. Cf. Musser v. Gentiva Health Serv.s, 356 F.3d 751, 757 (7th Cir. 2004). Because Plaintiffs learned about the specific putative class members Fedex is using in its response against class certification and after discovery, the Plaintiffs did not have time to investigate those individuals further. Plaintiffs were not able to interview, question, depose, or otherwise discover information about these witnesses. As a result, Plaintiffs cannot provide a response to any declarations by these witnesses because they have not had an opportunity to generate one.

Additionally, there is also no chance to cure the prejudice. Class certification briefing is well underway and is on the eve of completion. Discovery closed nearly six months ago. It is simply not possible to re-open discovery at this late date because it would unreasonably delay the resolution of class certification as well as the filing of dispositive motions later this year.

There is no practical way that Plaintiffs could examine, question, depose, or otherwise explore hundreds of witnesses and the veracity of their statements. Simply put, it is not practical nor possible to re-open discovery at this point.

Fedex's attempts to establish that its failure to timely disclose were justified is also unpersuasive. Fedex claims that it did not know the full list of witnesses it would use until January 2007, because Fedex was working through the process of determining for itself which of the 10,000 witnesses it would use. Considering the history of this case, it is difficult for this Court to accept that Fedex did not know who of the thousands of witnesses they would use until after the close of discovery. Even assuming that Fedex was working to narrow its list, that does not justify its late supplement. It is clear that Fedex knew of at least some of the witnesses it would use prior to the close of discovery. At the very least, Fedex should have communicated with Plaintiffs that a more refined list was coming, or provided smaller, more regular supplements. But again, Fedex did nothing until after the close of discovery when it was too late for the Plaintiffs to use the information. This Court cannot say that Fedex's late supplementation was justified.[4]

In summary, while Fedex has technically complied with Fed. R. Civ. P. 26, they have not actually satisfied its duty. Also, Fedex has not proceeded with candor and good faith. Given the circumstances of this situation, this Court finds that Fed. R. Civ. P. 37(c)(1) demands that the witness statements submitted by Fedex to be **STRICKEN**. The Plaintiffs are, no doubt,

---

[4] Plaintiffs also attempt to establish that Fedex has clearly demonstrated bad faith by showing Fedex tampered or unduly influenced the potential putative class members. Under either Rule 37 or 23, Plaintiffs claim this warrants that the evidence should be struck. This Court simply notes in passing that it cannot definitively say whether Fedex engaged in improper behavior or not.

prejudiced by the late disclosures, and it is not possible to cure the prejudice at this time.  The late disclosure by Fedex is neither harmless or justified.   Plaintiffs' motion is **GRANTED**.

### III.    CONCLUSION

For the reasons stated, Plaintiffs' motion to strike the declarations Fedex filed with its responses in opposition to class certification is **GRANTED** [Doc. No. 688].  Because Plaintiffs' motions to strike with regards to the second and third waves of class certification are based on the same analysis, those motions are also **GRANTED** [Doc.s No. 756 & 773].

**SO ORDERED.**

Dated this 23rd Day of July, 2007.


                                          S/Christopher A. Nuechterlein
                                          Christopher A. Nuechterlein
                                          United States Magistrate Judge